IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ADAM JOHN FOCHTMAN,

     Plaintiff,

    v.

STATE OF WISCONSIN,

     Defendant.

OPINION AND ORDER

Case No.  18-cv-742-wmc

Plaintiff Adam John Fochtman brings this proposed civil action under 42 U.S.C. § 1983, claiming that the criminal proceedings following his March 2012 arrest and search of his house violated his constitutional rights.  Having been permitted to proceed *in forma pauperis*, Fochtman's complaint requires screening.  28 U.S.C. § 1915(e)(2).  However, Fochtman's complaint neither names a suable defendant, nor does it satisfy the requirements of Federal Rule of Civil Procedure 20.  Therefore, if Fochtman wants to proceed with this lawsuit, he will be required to file an amended complaint that corrects the deficiencies described below.

## ALLEGATIONS OF FACT[1]

On March 12, 2012, Rusk County Sheriff's Deputies Burton Zielke and Mark Ohmstead interrogated Fochtman at his home.  Fochtman claims he was not informed of the accusations against him.  That day, Zielke placed Fochtman under arrest without a warrant, and still did not inform Fochtman of the charges.  Fochtman was placed in the

---

[1]  In addressing any *pro se* litigant's complaint, the court must read the allegations generously, resolving ambiguities and drawing reasonable inferences in plaintiff's favor.  *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

back of his squad vehicle and Zielke conducted a search of his home.  Also, Zielke and Ohmstead drafted an Incident Narrative Report and Probable Cause Report that allegedly included false and misleading statements to justify Fochtman's arrest.  No hearing was held on whether the arrest was supported by probable cause.

On March 13, 2012, Fochtman was charged with Domestic Disorderly Conduct and Domestic Battery.  Fochtman was released from custody on a signature bond, but he alleges that he did not receive a copy of the criminal complaint against him.  On March 22, Chief Deputy Gary Hahn filed the complaint with the Rusk County District Attorney's Office.  Fochtman claims that the complaint also included false and misleading statements.

On March 13, 2012, Fochtman was assigned a public defender, Annette Barna.  Fochtman claims that Barna was "closely affiliated" with his accuser's family and friends but agreed to represent him regardless.  Barna allegedly failed to investigate Fochtman's claim that he was innocent for the following eight months.  Barna eventually did move to withdraw from her representation on November 6, 2012, and Fochtman was assigned another attorney, Terry Nussberger.  Fochtman claims that this representation was inappropriate because Nussberger was a Circuit Court Commissioner for the judge presiding over his case.

On April 2, 2013, Fochtman provided Nussberger copies of a police report dated January 1, 2012, which Fochtman claims showed that his accusers lied to officers to have his accuser's ex-husband arrested and charged with Domestic Abuse.  It appears that Fochtman believed this evidence would show that his accuser falsely accused him of domestic violence as well.  However, Nussberger failed to submit the document with the

court in a timely manner, which led to a delay of the trial.

On February 17, 2014, a hearing was held on the admissibility of March 2012 police report, and Zielke and Ohmstead testified. According to Fochtman, both men lied during the hearing and Nussberger refused to investigate or pursue an objection to their testimony on the ground that they were lying. On February 25, 2014, Nussberger contacted Fochtman about a potential plea agreement, which Fochtman refused. However, on February 26, 2014, a prosecutor filed a motion to dismiss the charge against him, which was granted.

On March 11, 2014, Nussberger filed a claim in court to collect for the legal services he provided. On May 12, 2014, after Fochtman failed to pay, the judge charged Fochtman with contempt of court for failing to pay legal services. Fochtman refused to pay because he believed Nussberger acted incompetently. Fochtman subsequently filed misconduct and malfeasance complaints against both of his attorneys. Fochtman claims that the complaint against Nussberger was summarily dismissed. Fochtman also claims he submitted a Notice of Injury Claim with a request for information with the Wisconsin Attorney General's Office in September 2014, which was ignored.

While the investigation against Barma was proceeding, Fochtman contacted the Rusk County court reporter to obtain transcripts from his criminal proceedings. He claims that the court reporter refused to send him certain records even though he paid for them. Fochtman also claims that the investigator from Wisconsin's Office of Lawyer Regulation refused to meet with him and closed the investigation.

On May 27, 2015, Fochtman mailed a letter to the Rusk County District Attorney's office requesting information about the trial preparation materials related to his case, and whether there were any allegations of misconduct against any Rusk County Sheriff's Department employees.  It appears that request went unanswered.

OPINION

Fochtman seeks monetary damages and an investigation into the civil and criminal violations.  However, Fochtman's complaint suffers from two defects requiring dismissal of this action.  First, the only named defendant is the State of Wisconsin, which is not a suable entity under 42 U.S.C. § 1983.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-71 (1989) (states and stage agencies are not "persons" who may be sued for constitutional violations under § 1983).  Accordingly, the court is dismissing the State of Wisconsin with prejudice.

Even assuming Fochtman identified one of the individuals involved in the events described above, the court could not allow him to proceed on the allegations in his complaint because they appear too unrelated to satisfy the requirements of Federal Rule of Civil Procedure 20.  Under Rule 20, plaintiffs may join their claims together in one lawsuit if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences."  Fed. R. Civ. P. 20(a)(1)(A).  Yet, as the Court of the Appeals for the Seventh Circuit has stated, "[a] litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot."  *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 683 (7th Cir.

4

2012).  If a complaint includes unrelated claims against different defendants in violation of Rule 20, a court may order that the lawsuit be severed.  *Lee v. Cook Cty., Ill*, 635 F.3d 969, 971 (7th Cir. 2011); *In re High Fructose Corn Syrup Antitrust Litig.*, 361 F.3d 439, 441 (7th Cir. 2004); *Aiello v. Kingston*, 947 F.2d 834, 835 (7th Cir. 1991).

Fochtman has not articulated the nature of the claims he is seeking to pursue in this lawsuit, but it appears that he is seeking relief for all of the events he outlines in his complaint.  However, he may not pursue all of his grievances in this lawsuit because his allegations outline at least two different lawsuits:

> **Lawsuit 1:  Claims against the police officers who interrogated him, arrested him, searched his home without a warrant, and falsely accused him of domestic disorderly conduct and battery in March of 2012; and claims challenging Barma's and Nussberger's handling of his defense.**

> **Lawsuit 2:  Claims against the individuals involved in his 2014 and 2015 attempt to collect evidence in support of his legal challenges to his criminal proceedings and complaints to the Office of Lawyer Regulation.**

Although these two potential lawsuits do relate back to Fochtman's March 2012 arrest, the claims Fochtman appears to be pursuing involve two separate sets of facts.  He appears to believe his Fourth Amendment rights were violated during the March 2012 arrest; that attorneys Barma and Nussberger possibly violated his right to effective counsel during his subsequent criminal case; that the Wisconsin Office of Lawyer Regulation mishandled his complaints; and that certain court personnel and the Rusk County District Attorney's Office prevented him from collecting evidence to challenge his criminal proceedings.  It appears that his challenge to his criminal proceedings and subsequent attempts to pursue complaints related to those proceedings involved at least two different sets of wrong-doers.  As such, Fochtman may not include them all in one lawsuit.

The court will give Fochtman a brief window of time, until **May 5, 2021**, to submit a proposed amended complaint that identifies the claims and defendants against whom he would like to proceed.  In choosing the lawsuit he would like to pursue, Fochtman should be mindful that some of the individuals he appears to believe violated his rights likely are immune from suit.  For example, because prosecutors and judges are generally immune from suit for actions taken in their official capacities, *see Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (explaining that judges are entitled to absolute immunity; "judicial immunity is not overcome by allegations of bad faith or malice"), Fochtman should omit these individuals as defendants in this lawsuit.  More practically, Fochtman should draft his amended complaint as if he were telling a story to someone who knows nothing about the events at hand, focusing on providing a timeline of the materials events.  Additionally, Fochtman must be sure to include *all* of his allegations in his proposed amended complaint.

Finally, in preparing his amended complaint, Fochtman should be sure to include *only* the claims arising from the same transaction or occurrence or series of transactions or occurrences.  He will need to file a *separate* lawsuit (or lawsuits) against the groups of defendants he does not proceed against in this lawsuit, which will require him to pay a separate filing fee and, if he seeks to proceed *in forma pauperis*, will be subject to screening as required by § 1915(e)(2).  After the court receives Fochtman's proposed amended complaint in this lawsuit, the court will screen his amended complaint and determine whether this case may proceed further.

6

ORDER

IT IS ORDERED that:

1. Plaintiff Adam Fochtman's complaint is DISMISSED without prejudice for failure to identify a proper defendant and for failure to satisfy the requirements of Federal Rule of Civil Procedure 20.

2. Plaintiff has until **May 5, 2021,** to file an amended complaint that corrects the deficiencies described above. **If plaintiff fails to file an amended complaint by that deadline, the court will dismiss this case with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).**

3. The State of Wisconsin is DISMISSED with prejudice.

Entered this 15th day of April, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

7