IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ADAM JOHN FOCHTMAN,

    Plaintiff,

v.

JOHN BYRON VAN HOLLEN,
KIETH SELLEN,
THOMAS W. HARNISCH, and
WISCONSIN JUDICIAL COMMISION,

    Defendants.

OPINION AND ORDER

Case No. 18-cv-742-wmc

Plaintiff Adam John Fochtman brings this proposed civil action under 42 U.S.C. § 1983, claiming that criminal proceedings following his March 2012 arrest and the search of his house violated his constitutional rights. Previously in this lawsuit, the court informed Fochtman that his complaint failed to identify a proper defendant and violated Federal Rule of Civil Procedure 20, while giving him an opportunity to file an amended complaint that corrected those deficiencies. Fochtman timely filed a proposed amended complaint,[1] which the court has now screened as required by 28 U.S.C. § 1915(e)(2). Unfortunately, even under the generous pleading standard applicable to the review of *pro se* pleadings, *Haines v. Kerner*, 404 U.S. 519, 521 (1972), the court must dismiss the amended complaint for failure to state a claim upon which relief can be granted.

---

[1] The court has modified the case caption to include the names of the defendants listed in the proposed, amended complaint and directs the clerk of court to do the same.

PLAINTIFF'S ALLEGATIONS OF FACT

Fochtman's proposed claims arise from his failed efforts to seek disciplinary proceedings against two attorneys for allegedly mishandling his criminal proceeding. Fochtman names the following defendants in his proposed amended complaint: John Byron Van Hollen, former Wisconsin Attorney General; Keith Sellen, the Director of the Office of Lawyer Regulation ("OLR"); Thomas W. Harnisch, the Special Investigator for the Wisconsin Supreme Court; and the Wisconsin Judicial Commission.

On March 12, 2012, Rusk County Sheriff's Deputies Burton Zielke and Mark Ohmstead interrogated Fochtman at his home, and Zielke placed him under arrest without a warrant. After placing Fochtman in the back of his squad vehicle, Zielke further conducted a search of his home. Finally, Zielke and Ohmstead drafted an Incident Narrative Report and Probable Cause Report that allegedly included false and misleading statements to justify Fochtman's arrest.

Apparently, no hearing was held on whether Fochtman's arrest was supported by probable cause, but the following day, March 13, 2012, Fochtman was charged with Domestic Disorderly Conduct and Domestic Battery, and he was assigned a public defender, Annette Barna. Fochtman alleges that Barna was "closely affiliated" with his accuser's family and friends, but she nevertheless agreed to represent him. Worse, for the following eight months, Barna allegedly failed to investigate Fochtman's claim of innocence, although she eventually did move to withdraw from her representation on November 6, 2012. At that point, Fochtman was assigned another attorney, Terry Nussberger. However, Fochtman claims that this representation was also inappropriate

2

because Nussberger was then a Dane County Circuit Court Commissioner for the judge presiding over his case.

Still, on April 2, 2013, Fochtman allegedly proceeded to provide Nussberger with copies of a police report dated January 1, 2012, which he claims showed that his accuser had similarly lied to officers to have her ex-husband arrested and charged with domestic abuse. Fochtman apparently believed this evidence would help bolster his claim that he had been falsely accused of domestic violence as well. However, Nussberger apparently failed to submit the report to the court in a timely manner, which led to a delay of his trial.

Finally, on February 17, 2014, a hearing was held on the admissibility of the original, March 2012 police report against Fochtman, at which Deputies Zielke and Ohmstead both testified. According to Fochtman, both men lied again during the hearing, and Nussberger refused to investigate or pursue an objection to their testimony on the ground that they were lying. Instead, on February 25, 2014, Nussberger contacted Fochtman about a potential plea agreement, which Fochtman refused. Then, on February 26, 2014, a prosecutor allegedly filed a motion to dismiss the charge against Fochtman, which the court granted.

Fochtman next refused to pay for legal services that Nussberger supposedly claimed he had provided, because of his belief that Nussberger acted incompetently, and on March 11, 2014, Nussberger then filed a claim in court to collect for those services provided. After Fochtman again failed to pay, the judge apparently charged him with contempt of court on May 12, 2014, for allegedly failing to pay legal services.

Subsequently, Fochtman allegedly filed misconduct and malfeasance complaints against both of his so-called public defenders, Barna and Nussberger. He also allegedly filed a complaint against the presiding judge in his case with the Wisconsin Judicial Commission. Fochtman also claims that an ORL investigator, Harnish, was unprepared and refused to take action against Barna or anyone else involved in the allegedly wrongful conduct. Fochtman further claims that after his complaint against Attorney Nussberger was summarily dismissed, OLR Director Sellen then recommended that he pursue a civil action against Nussberger. Finally, Fochtman alleges that he submitted a Notice of Injury Claim with a request for information with the Wisconsin Attorney General's Office in September 2014, which was ignored.

OPINION

Although Fochtman's factual allegations are both confusing and disjointed, he is apparently now seeking monetary damages from the named defendants involved in processing his various administrative complaints or failing to investigate the civil and criminal violations adequately. Whatever their merit, however, his allegations related to the handling of these state matters do not give rise to a colorable claim in federal court. Indeed, because its jurisdiction is limited, this court may generally speaking only hear cases: (1) that arise under federal law, 28 U.S.C. § 1331; or (2) in which the parties in suit are citizens of different states and the amount in controversy is greater than $75,000, 28 U.S.C. § 1332. Although it appears Fochtman is invoking this court's jurisdiction under § 1331, his allegations do not support a claim for relief.

The court understands Fochtman to be suing defendants under 42 U.S.C. § 1983, since he claims that defendants' handing of his grievances violated his constitutional right to effective assistance of counsel. However, defendants Van Hollen and the Wisconsin Judicial Commission would be subject to immediate dismissal with respect to such a claim, since § 1983 is a personal liability statute, *Wilson v. Warren Cty., Ill.*, 830 F.3d 464, 469 (7th Cir. 2016), and Van Hollen was not personally involved in *any* of the alleged events giving rise to Fochtman's complaint, while the Wisconsin Judicial Commission is not a person that may be sued under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989) (§ 1983 claims may only be brought against "persons").

As for the remaining defendants, Sellen and Harnish, if Fochtman is suing them in their official capacities, such claims are barred by the Eleventh Amendment, *Will*, 491 U.S. at 71, and if Fochtman is suing them in their individual capacities, his claims present a constitutional standing issue. *See Spivey-Johnson v. O'Mahar*, No. 05-C-0081, 2006 WL 335441, at *6 (E.D. Wis. Feb. 13, 2006) (since OLR has prosecutorial discretion in managing matters, private citizens lack standing to bring claim for failing to properly investigation allegations of lawyer misconduct) (discussing *Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993)).

Moreover, even assuming that Fochtman has standing to pursue a claim against either defendant Sellen or Harnish, his allegations do not state a claim upon which relief can be granted under § 1983. To support a claim, a plaintiff must at minimum allege violation of a right protected by the U.S. Constitution or federal laws. *See Cruz v. Safford*, 579 F.3d 840, 843 (7th Cir. 2009) (setting forth elements of a § 1983 claim). Although

not explicitly invoked by Fochtman, even when read generously, his frustration with the manner in which his state administrative complaints were processed calls to mind a claim for violation of his Fourteenth Amendment procedural due process rights. Yet to establish a procedural due process violation, a plaintiff must show, at minimum, that he was deprived of liberty or property without receiving notice and an opportunity to be heard prior to the deprivation. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 91985).

With respect to the liberty or property interest in particular, the Supreme Court has held that "a benefit is not a protected entitlement if government officials may grant or deny it in their discretion." *Town v. Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005). Here, plaintiff has *no* property interest in the discretionary review of his administrative grievances. While he complains that OLR Investigator Harnish was unprepared and refused to take action against Barna in particular, and that OLR Director Sellen did nothing more than advise him to pursue a civil action, OLR rules merely state that staff of the OLR (1) "shall conduct a preliminary evaluation of the inquiry or grievance," but (2) "may" forward the matter to another agency, refer the matter, to the director with a recommendation that the matter by investigated or close the matter. Wis. SCR 22.02(2). The rules further provide that "the grievant *may* obtain review by the director of the staff's closure of a matter." Wis. SCR 22.02(4) (emphasis added). This level of discretion obviously does not support a conclusion that plaintiff had a federal protected interest in Harnish's handling of his complaint, much less in Sellen's review of his complaint. Therefore, Fochtman may not proceed against Harnish or Sellen on a procedural due process claim.

Nor would jurisdiction be appropriate under § 1332, since Fochtman neither appears to be invoking this court's diversity jurisdiction, nor does it appear available. Fochtman does not allege the parties' citizenship, and it is reasonable to infer that at least plaintiff and one of the defendants are citizens of Wisconsin. Therefore, assuming for the sake of argument that Fochtman *might* be able to articulate a state law claim against one of these individuals (perhaps under a theory of negligence), he cannot avail himself of federal court to pursue that claim.

ORDER

IT IS ORDERED that:

1. Plaintiff Adam Fochtman is DENIED leave to proceed on any claims in this lawsuit, and this lawsuit is DISMISSED for failure to state a claim upon which relief can be granted.

2. The clerk of court is directed to close this case.

Entered this 13th day of December, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge